[669 NYS2d 309]

In the Matter of MARK W. LEWIS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 17, 1998

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Chris G. McDonough* of counsel), for petitioner.

*Mark W. Lewis,* Lake Ronkonkoma, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The petition, dated September 30, 1996, contains five charges of professional misconduct against the respondent. The Grievance Committee withdrew Charges One, Three, and Four as a result of information first obtained at the pretrial conference. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affirmation in response in which he does "not refute or contest any of [the] pleadings or proceedings before this Court" but requests that any disciplinary action taken by the Court allow him to continue to practice law and not be made public.

It is alleged that on or about May 26, 1993, Paul W. Abelquist retained the respondent to modify a judgment of divorce by reducing or reapportioning child support payments based upon the fact that the child was no longer residing in the State. At the time he was retained, the respondent was advised by the client that time was of the essence.

Between May 26 and June 25, 1993, the scheduled date for a hearing on the child support matter, Mr. Abelquist made repeated attempts to contact the respondent and informed the respondent's secretary of the hearing date. His calls were not returned. By letter dated June 24, 1993, the respondent adjourned the hearing date to July 23, 1993, allegedly on consent of all parties. Mr. Abelquist had not been consulted and found the extension unacceptable in light of his stated desire for a quick resolution. He unsuccessfully sought to reinstate the initial court date but was forced to accept the adjourned date.

The respondent failed to appear on the adjourned hearing date. Nor did he contact the client or the court or withdraw as counsel. The client appeared before the Judicial Hearing Examiner on his own behalf on July 23, 1993. A modification agreement was reached which greatly reduced his support payments.

After the hearing, Mr. Abelquist unsuccessfully attempted to contact the respondent. By certified letter dated December 5, 1993, Mr. Abelquist requested a statement of services rendered by the respondent along with a refund of the unused retainer. The respondent failed to comply. Consequently, Mr. Abelquist sought the assistance of the Grievance Committee. The complaint was sent to the Suffolk County Bar Association Fee Dispute Committee for arbitration. Upon the respondent's refusal to consent to arbitration, the matter was returned to the Grievance Committee on or about May 22, 1995.

Charge Two alleged that by failing to respond to the December 5, 1993 letter, the respondent failed to adequately

communicate with his client, in violation of Code of Professional Responsibility DR 6-101 (A) (22 NYCRR 1200.30 [a]).

Charge Five alleged, *inter alia,* that the respondent failed to properly cooperate with the Grievance Committee in its lawful investigation of Mr. Abelquist's complaint against him, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]). By letter dated May 22, 1995, the Grievance Committee advised the respondent that the Abelquist complaint had been returned to it by the Suffolk County Bar Association. The Grievance Committee requested an answer within 15 days, along with a copy of the retainer agreement. In view of the respondent's failure to reply, the Grievance Committee sent a second letter to the respondent, dated June 29, 1995, demanding his response within 10 days. By certified letter, dated August 28, 1995, the Grievance Committee again demanded a response within 10 days. The letter advised that the respondent's failure to cooperate with the investigation could, in and of itself, constitute professional misconduct. The respondent again failed to reply.

By letter dated December 14, 1995, the Grievance Committee informed the respondent that if it did not receive his written response by December 28, 1995, along with an explanation for his failure to cooperate with the lawful demands of the Grievance Committee, a motion for his suspension would ensue. On December 27, 1995, the respondent faxed a request that he be allowed to submit a response on or before January 5, 1996. The respondent submitted a letter of explanation dated August 30, 1995, which was received by the Grievance Committee on or about January 10, 1996.

Based upon the evidence adduced, the Special Referee properly sustained Charge Two and those portions of Charge Five as alleged violations of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]). Accordingly, the Grievance Committee's motion to confirm is granted to that extent.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the nature and volume of his law practice, the high regard in which he is held, and the improvements he has undertaken in his practice.

Grievance Counsel points out that despite two years of investigation by the Grievance Committee, the respondent failed to provide full disclosure until threatened with an interim suspension and the commencement of the disciplinary proceeding. Additionally, the respondent's disciplinary history

is significant, spanning from May 17, 1985 to March 15, 1996. Grievance Counsel has summarized the respondent's record as follows:

| Date | Action | For |
|------|--------|-----|
| 5/17/85 | Letter of Admonition | Conflict of Interest. |
| 3/17/89 | Letter of Admonition | Engaging in conduct giving the gross appearance of impropriety with regard to adoption matters. |
| 4/15/89 | Letter of Admonition | Neglect of a criminal appeal assigned to him by the Appellate Division. |
| 6/27/89 | Letter of Admonition | Neglect of a criminal appeal assigned to him by the Appellate Division. |
| 6/27/89 | Letter of Admonition | Neglect of a criminal appeal assigned to him by the Appellate Division. |
| 6/19/92 | Letter of Admonition | Continuing to represent and bill a former client after discharge, failing to communicate with incoming counsel and improper billing practices. |
| 5/12/95 | Letter of Caution | Neglect and failure to promptly file necessary documents in a matrimonial matter. |
| 5/12/95 | Letter of Admonition | Utilizing a "non-refundable" fee retainer and failing to disclose his involvement in the preparation of a pleading to be served on a court. |
| 3/15/96 | Letter of Admonition | Failing to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District. The respondent was also cautioned for failing to abide by agreements and for making misrepresentations to clients. |

Inasmuch as the respondent does not appear to have derived benefit from the numerous sanctions previously imposed upon him by the Grievance Committee, he is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, MILLER, O'BRIEN and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that Charge Two is sustained in its entirety and Charge Five is sustained to the extent that it alleges violations of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) and the motion is otherwise denied; and it is further,

Ordered that the respondent, Mark W. Lewis, is suspended from the practice of law for a period of one year, commencing

March 17, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that (a) during this period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Mark W. Lewis, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.